## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **EAGLE GEOPHYSICAL, INC.,** *et al.*, | § | **CASE NO. 09-33753-H5-11** |
| | § | |
| Debtors. | § | **(Chapter 11 – Jointly Administered)** |

**MOTION FOR (i) APPROVAL OF SALE OF REAL PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES
UNDER 11 U.S.C. §§ 363(F); AND (ii) ORDER AUTHORIZING
PAYMENT OF CERTAIN CLOSING EXPENSES AND FEES**
(7810 Brinkmeyer Road)

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 17, 2010 AT 2:00 P.M. IN COURTROOM 403, 515 RUSK AVENUE, HOUSTON, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**To the Honorable Karen K. Brown,**
**United States Bankruptcy Judge:**

Eagle Geophysical Onshore, Inc. and Eagle Geophysical, Inc. (collectively, the "Debtors") file this motion for (i) approval of sale of real property free and clear of liens, claims, interests and encumbrances under 11 U.S.C. § 363(f); and (ii) order authorizing the payment of certain closing expenses and fees.

### Nature of the Motion

1.       The Debtors seek approval to sell an approximate 3.642-acre tract of land in Needville, Texas to WBW Enterprises of Texas, LLC or its assigns (the "Purchaser") for $200,000. The sale will be made free and clear of all liens, claims, interests and encumbrances

under 11 U.S.C. § 363(f).  The Debtors also request authority to pay certain debts, closing fees and expenses from the sales proceeds.

## Jurisdiction and Venue

2.       This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).  Venue of these cases is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2).

## Background

3.       On May 31, 2009, the Debtors both filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to liquidate their businesses and manage their properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.       On the petition date, the Debtors owned an approximate 3.642-acre tract of real property located in Needville, Texas (the "Property").  The Property was used pre-petition by the Debtors as a storage and repair facility.  The structures on the Property were damaged by a tornado.  The Property is currently littered with old tires, vehicles, trailers and other discarded items.  Pictures of the Property are attached as **Exhibit 1**.

5.       On September 3, 2009, the Debtors filed their application to employ Grubb & Ellis Company ("Grubb & Ellis") to market the Property [Docket No. 78].  The Court approved the engagement of Grubb & Ellis by order entered September 14, 2009 [Docket No. 82].

6.       Since their engagement, Grubb & Ellis has marketed the Property.  The only offer that has been received is from an adjoining land owner.  As inspections of the Property have occurred, the purchase price has decreased as the extent of the damage to the structures and the

costs to clean up the Property have been quantified.  After negotiation, the parties have agreed to a purchase price of $200,000 for the Property in its current condition.  A copy of the proposed earnest money contract is attached as **Exhibit 2**.  Based on the advice received from Grubb & Ellis, the Debtors have determined that the proposed sales price is a reasonable price and that the sale of the Property to the Purchaser should be approved.

### Requested Relief and Authority

7.      The Debtors request that the Court approve the sale of the Property to the Purchaser free and clear of all liens, claims, interests and encumbrances, save and except 2010 real property *ad valorem* taxes.  In evaluating such a sale, a court must balance the need for flexibility with the concern of affected creditors.  *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989).  The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-78 (Bankr. S.D.N.Y. 1986).  Under the circumstances, the Debtors believe that the price to be paid by the Purchaser is a fair price and that a sale to the Purchaser is in the best interest of the estates and their creditors.

8.      Except for unpaid real property *ad valorem* taxes for 2009, the Debtors are not aware of any other liens against the Property.

### Payment of Closing Expenses and Other Items

9.      The Debtors request authority to pay the estates' share of any closing expenses in connection with the sale.  These expenses include (i) outstanding *ad valorem* taxes due on the Property; (ii) the costs of a title policy; (iii) the payment of a 4% brokerage commission to Grubb

& Ellis; and (iv) any miscellaneous expenses/charges incident to closing the sale.   All other proceeds will be held pending further Court order as required by the Bankruptcy Code.

Accordingly, the Debtors request that the Court (i) approve the sale of the Property free and clear of liens, claims, interests and encumbrances under 11 U.S.C. §§ 363(f) as set forth above; (ii) approve the payment of certain fees and expenses as set forth above; (iii) authorize the Debtors to execute all documents necessary to effectuate the sale; and (iv) grant the Debtors other just relief.

**Dated: January 18, 2010.**

Respectfully submitted,

**Porter & Hedges, L.L.P.**

By: _____
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6253 (Facsimile)
**Counsel for the Debtors**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by depositing the same in the United States Mail, first class, with proper postage affixed, to all parties listed on the attached Service List on the 18th day of January, 2010.

_____
David R. Jones

## SERVICE LIST

Eagle Geophysical, Inc.
Eagle Geophysical Onshore, Inc.
c/o H. Malcolm Lovett, Jr.
Strategic Capital Corporation
520 Post Oak Blvd., Suite 320
Houston, TX 77027

Christine March
Office of the United States Trustee
515 Rusk, Suite 3516
Houston, TX 77002

**U/S Creditors Committee**
Matt Okin
Okin Adams & Kilmer, LLP
1113 Vine St., Suite 201
Houston, TX 77002

Arrow Geophysical Drilling, L.P.
c/o David W. Elrod
500 N. Akard, Suite 3000
Dallas, TX 75201

Mitcham Industries, Inc.
P.O. Box 1175
Huntsville, TX 77342-1175

Mitcham Industries, Inc.
c/o Munsch Hardt Kopf & Harr
500 N. Akard, Suite 3800
Dallas, TX 75201

ARAM Systems Corporation
c/o David Roland
2105 City West Blvd., Suite 400
Houston, TX 77042-2839

Credit Union Services
8131 LBJ Freeway, Suite 400
Dallas, TX 75251

Curry Auto Leasing
14850 Montfort Drive, Suite 295
Dallas, TX 75254

Marquette Equipment Finance
6975 Union Park Center, Suite 200
Midvale, UT 84047

SunTrust Equipment Finance & Leasing
300 East Joppa Road, 7th Floor
Towson, MD 21286

TFG-Texas, L.P.
6925 Union Park Center
Midvale, UT 84047

Town & Country Office Towers, LP
c/o Reliance Property Resource
10565 Katy Freeway, Suite 301
Houston, TX 77024

Wells Fargo Bank
1500 Waugh Drive, 1st Floor
Houston, TX 77019

**Eagle Geophysical, Inc.**
**20 Largest Unsecured Creditors**
A. John Knapp, Jr.
1811 Bering Drive, Suite 200
Houston, TX 77057

A. John Knapp, Jr. Trust
1811 Bering Drive, Suite 200
Houston, TX 77057

Allen Schubert
333 East Main, Suite 400
Louisville, KY 40202

Allstate Permit Services, LP
c/o Elrod, PLLC
500 North Akard, Suite 3000
Dallas, TX 75201

American Express
P.O. Box 53800
Phoenix, AZ 85072

Andover Group
919 Milam
Houston, TX 77002

Arrow Geophysical Drilling, L.P.
c/o Elrod, PLLC
500 North Akard, Suite 3000
Dallas, TX 75201

Douglas Thompson
250 Lloyds Lane
Vero Beach, FL 32963

Ronald Wood
Eagle Canada, Inc.
396 11th Avenue SW, Suite 110
Calgary, AB CN T2R 0C5

Eagle Equipment Leasing
300 Jackson Hill
Houston, TX 77007

Eagle Geophysical Offshore
Fixed Income Trust
908 Town & Country Blvd., Suite 400
Houston, TX 77027

Heli-Dunn, Inc.
P.O. Box 276
Phoenix, OR 97535

John Kornitzer
5420 West 61st Place
Mission, KS 66205

Julie Edwards
3826 Coleridge Street
Houston, TX 77005

Kent Teague
1050 Parkdale Drive
McKinney, TX 75069

Paris Residential 1
300 Jackson Hill Street
Houston, TX 77007

Realtime Geophysical Surveys, L.P.
c/o Elrod, PLLC
500 North Akard, Suite 3000
Dallas, TX 75201

Robert Hixon
P.O. Box 1388
Houston, TX 77251

Steward Cable
P.O. Box 11270
Midland, TX 79702

UHY, LLP
12 Greenway Plaza, Suite 1202
Houston, TX 77046

**Eagle Geophysical Onshore, Inc.**
**20 Largest Unsecured Creditors**
Allstate Permit Services, LP
c/o Elrod, PLLC
500 North Akard, Suite 3000
Dallas, TX 75201

ARAM Systems, Ltd.
7236 10th Street, NE
Calgary AB CN T2E 8X3

Arrow Geophysical Drilling, L.P.
c/o Elrod, PLLC
500 North Akard, Suite 3000
Dallas, TX 75201

Boone Exploration, Inc.
P.O. Box 8660
Huntsville, TX 77340

Buckley Powder Company
P.O. Box 17532
Denver, CO 80217

Dauterive Contractors, Inc.
4700 E. Old Jeanerette Rd.
New Iberia, LA 70563

Eagle Canada, Inc.
396 11th Avenue SW, Suite 110
Calgary, AB CN T2R 0C5

Energy Operations Nevada
5777 Central Avenue
Boulder, CO 80301

Geophysical Land Services
P.O. Box 1078
Livingston, TX 77351

Geospace Technologies, LP
P.O. Box 3049
Houston, TX 77253

HMS Enterprises, Inc.
9203 Highway 6 S
Suite 124-406
Houston, TX 77083

Mitcham Industries, Inc.
P.O. Box 1175
Huntsville, TX 77342

O'Brien Resources, LLC
P.O. Box 6149
Shreveport, LA 71136-6149

Omni Energy Seismic Services, LLC
2383 Momentum Place
Chicago, IL 60689

Omni Labor Corporation
2385 Momentum Place
Chicago, IL 60689

PM Heli-Ops, Inc.
8371 Gold Ray Road
Central Point, OR 97502

Realtime Geophysical Surveys, L.P.
c/o Elrod, PLLC
500 North Akard, Suite 3000
Dallas, TX 75201

Texas Seismic Rental
12300 Parc Crest Drive
Stafford, TX 77477

Town & Country Office Towers, LP
c/o Reliance Property Resource
10565 Katy Freeway, Suite 301
Houston, TX 77024

Urban Seismic Specialists, Inc.
P. O. Box 1266
New Ulm, TX 78950

**Parties Requesting Notice**
Geophysical Land Services, LLC
Boone Exploration, Inc.
c/o Charles J. Cain
Cain & Skarnulis, LLP
400 W. 15th Street, Suite 1430
Austin, TX 78701

John P. Dillman
Linebarger Goggan Blair & Sampson
P.O. Box 3064
Houston, TX 77253-3064

David W. Elrod/Worthy Walker
ELROD, PLLC
500 N. Akard Street, Suite 3000
Dallas, TX 75201

Steven A. Leyh
Leyh & Payne, LLP
9545 Katy Freeway, Suite 200
Houston, TX 77024

Randall A. Rios
Munsch Hardt Kopf & Harr, PC
700 Louisiana, 46th Floor
Houston, TX 77002

Yolanda M. Humphrey
Perdue, Brandon, Fielder, Collins & Mott
1235 N. Loop W., Suite 600
Houston, TX 77008

Missouri Dept. of Revenue-Bankruptcy Unit
Attn: Richard M. Maseles
P.O. Box 475
Jefferson City, MO 65105-0475

Theodore M. Haik, Jr.
Haik, Minvielle & Grubbs, LLP
1017 E. Dale Street
P.O. Box 11040
New Iberia, LA 70562-1040

Harold Aubry Dauterive
4700 E. Old Jeanerette Road
New Iberia, LA 70563

David L. Roland
ION Geophysical Corporation
2105 CityWest Blvd, Suite 400
Houston, TX 77042-2839

Robert H. Singleton, Jr.
Singleton Cooksey, LLP
6363 Woodway, Suite 610
Houston, TX 77057

Paul Jordan
Sneed, Vine & Perry
P.O. Box 856
Georgetown, TX 78627

Alvin L. Thomas
Global Geophysical Services, Inc.
13927 S. Gessner Road
Missouri City, TX 77489

Geoffrey B. Treece
Quattlebaum, Grooms, Tull & Burrow
111 Center Street, Suite 1900
Little Rock, AR 72201

Stephen C. Tingey
Ray Quinney & Nebeker, P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

IKON Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

Nick Limperos
Grub & Ellis
1330 Post Oak Blvd., Suite 1400
Houston, Texas 77056

Sam Sloan
Third Coast Enterprises
P.O. Box 1416
Hempstead, Texas 77445

Doug H. Edwards
Haynes and Boone, LLP
One Houston Center
1221 McKinney Street, Suite 2100
Houston, TX 77010

Bill Hixon
300 Jackson Hill
P.O. Box 130410
Houston, Texas 77219

Grant DeFehr
Everest Operations Management
14313 N. May, Suite 100
Oklahoma City, OK 73134

Mark Zand
Wexford Capital, LP
411 W. Putnam Ave.
Greenwich CT 06830

Wayne A. Whitener
TGC Industries, Inc.
101 East Park Blvd.
Plano, Texas 75074

Securities Exchange Commission
Attn: Merri Jo Gillette, Regional Director
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2908

Department of the Treasury – IRS
1919 Smith Street, Stop 5022HOU
Houston, Texas 77002

Office of the Attorney General
5137 Robert F. Kennedy Bldg.
10th St. & Constitution Ave. NW
Washington, D.C. 20530

Office of the U.S. Attorney
P.O. Box 61129
Houston, Texas 77208

Wanda Cohen
Special Assistant United States Attorney
8701 S. Gessner, Suite 710
Houston, TX 77074

I.R.S.
P.O. Box 21126
Philadelphia, PA 19114

Office of the Attorney General
State of Texas
P.O. Box 12548
Austin, TX 78711-2548

Office of the Attorney General
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804

U.S. Department of Labor
Frances Perkins Bldg.
200 Constitution Ave, NW
Washington, D.C. 20210

Canada Revenue Agency
7th Floor
555 MacKenzie Avenue
Ottawa ON  K1A 0L5

Ron Moore
Plant & Machinery, Inc.
2901 W. Sam Houston Pkwy N, #A-130
Houston, Texas 77013

Rhett G. Campbell
Mitchell E. Ayer
Thompson & Knight, LLP
333 Clay Street, Suite 3300
Houston, TX 77002

Anthony A. Zmaila
Anthony A. Zmaila Limited PLLC
265 East Warm Springs Rd., Suite 100
Las Vegas, NV 89119

WBW Enterprises of Texas, LLC
7810 Brinkmeyer Road
Needville, Texas 77461

Nick Limperos
Grubb & Ellis Company
1330 Post Oak Blvd., Suite 1400
Houston, Texas 77056

# EXHIBIT 1

















EXHIBIT 2



TEXAS ASSOCIATION OF REALTORS®

## COMMERCIAL CONTRACT - IMPROVED PROPERTY

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.

©Texas Association of REALTORS®, Inc. 2005

1. **PARTIES:** Seller agrees to sell and convey the Property described in Paragraph 2. Buyer agrees to buy the Property from Seller for the sales price stated in Paragraph 3. The parties to this contract are:

| Seller: | Eagle Geophysical, Inc. | | |
|---|---|---|---|
| Address: | 520 Post Oak Blvd., Suite 320 | | Houston, Texas 77027 |
| Phone: | 713-418-7125 | Fax: | 713-418-7145 |
| E-mail: | mlovett@scchouston.com | | |

| Buyer: | WBW Enterprises of Texas, LLC | | |
|---|---|---|---|
| Address: | 7810 Brinkmeyer Road | | Needville, , Texas 77461 |
| Phone: | 1-979-299-7500 | Fax: | |
| E-mail: | | | |

2. **PROPERTY:**

   A. "Property" means that real property situated in _____ Fort Bend _____ County, Texas at _____ 7802 Brinkmeyer Road _____ Needville, Texas 77461 _____ (address) and that is legally described on the attached Exhibit _____ or as follows: 3.642 Acres of land, more or less, Tract 13 of the Stiles and Ward Abstract No. 669, Fort Bend County, Texas

   B. Seller will sell and convey the Property together with:
      (1) all buildings, improvements, and fixtures;
      (2) all rights, privileges, and appurtenances pertaining to the Property, including Seller's right, title, and interest in any minerals, utilities, adjacent streets, alleys, strips, gores, and rights-of-way;
      (3) Seller's interest in all leases, rents, and security deposits for all or part of the Property;
      (4) Seller's interest in all licenses and permits related to the Property;
      (5) Seller's interest in all third party warranties or guaranties, if transferable, relating to the Property or any fixtures;
      (6) Seller's interest in any trade names, if transferable, used in connection with the Property; and
      (7) all Seller's tangible personal property located on the Property that is used in connection with the Property's operations except: _____.

   *(Describe any exceptions, reservations, or restrictions in Paragraph 12 or an addendum.)*
   *(If the Property is a condominium, attach condominium addendum.)*

3. **SALES PRICE:** At or before closing, Buyer will pay the following sales price for the Property:

   A. Cash portion payable by Buyer at closing . . . . . . . . . . . . . . . $ 222,500.00

   B. Sum of all financing described in Paragraph 4 . . . . . . . . . . . . . . . $ n/a

   C. Sales price (sum of 3A and 3B). . . . . . . . . . . . . . . . . . . . . . . . . . $ 222,500.00

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
                                                                Needville, Texas 77461

4. ~~FINANCING: Buyer will finance the portion of the sales price under Paragraph 3B as follows:~~

   A. ~~Third Party Financing: One or more third party loans in the total amount of $_____ This~~
      ~~contract:~~
      ~~(1) is not contingent upon Buyer obtaining third party financing.~~
      ~~(2) is contingent upon Buyer obtaining third party financing in accordance with the attached~~
          ~~Commercial Contract Financing Addendum.~~

   B. ~~Assumption: In accordance with the attached Commercial Contract Financing Addendum, Buyer~~
      ~~will assume the existing promissory note secured by the Property, which balance at closing will~~
      ~~be $_____.~~

   C. ~~Seller Financing: The delivery of a promissory note and deed of trust from Buyer to Seller under the~~
      ~~terms of the attached Commercial Contract Financing Addendum in the amount of $_____.~~

5. **EARNEST MONEY:**

   A. Not later than 3 days after the effective date, Buyer must deposit $ ___10,000.00___ as earnest money
      with _____Old Republic Title Company, Attn: Tanya McLaren, 713-626-9220_____ (escrow agent)
      at ___1600 Hwy. 6 South, #160, Sugarland, Texas  77478 (tmclaren@oldrepublictitle.com)___ (address).
      If Buyer fails to timely deposit the earnest money, Seller may terminate this contract by providing written
      notice to Buyer before Buyer deposits the earnest money and may exercise Seller's remedies under
      Paragraph 15.

   B. ~~Buyer will deposit an additional amount of $_____ with the escrow agent to be made~~
      ~~part of the earnest money on or before:~~
      ~~(i) _____ days after Buyer's right to terminate under Paragraph 7B expires; or~~
      ~~(ii) _____~~
      ~~Buyer will be in default if Buyer fails to deposit the additional amount required by this Paragraph 5D~~
      ~~within 3 days after Seller notifies Buyer that Buyer has not timely deposited the additional amount.~~

   C. Buyer may instruct the escrow agent to deposit the earnest money in an interest-bearing account at a
      federally insured financial institution and to credit any interest to Buyer.

6. **TITLE POLICY, SURVEY, AND UCC SEARCH:**

   A. Title Policy:

      (1) Seller, at Seller's expense, will furnish Buyer an Owner's Policy of Title Insurance (the title policy)
          issued by _____Old Republic title company_____ (title company)
          in the amount of the sales price, dated at or after closing, insuring Buyer against loss under the
          title policy, subject only to:
          (a) those title exceptions permitted by this contract or as may be approved by Buyer in writing; and
          (b) the standard printed exceptions contained in the promulgated form of title policy unless this
              contract provides otherwise.

      (2) The standard printed exception as to discrepancies, conflicts, or shortages in area and
          boundary lines, or any encroachments or protrusions, or any overlapping improvements:
          ☒ (a) will not be amended or deleted from the title policy.
          ☐ (b) ~~will be amended to read "shortages in areas" at the expense of ☐ Buyer ☐ Seller.~~

      (3) Buyer may object to any restrictive covenants on the Property within the time required
          under Paragraph 6D.

      (4) Within __10__ days after the effective date, Seller will furnish Buyer a commitment for title insurance
          (the commitment) Including legible copies of recorded documents evidencing title exceptions. Seller
          authorizes the title company to deliver the commitment and related documents to Buyer at
          Buyer's address.

(TAR-1801) 10-18-05       Initialed for Identification by Buyer _____  Seller _____       Page 2 of 13

Form generated by TrueForms™   www.TrueForms.com   800-499-9612

Commercial Contract - Improved Property concerning _____   7802 Brinkmeyer Road
                                                                      Needville, Texas 77461

B. Survey: Within __20__ days after the effective date:

☒ (1) Buyer will obtain a survey of the Property at Buyer's expense and deliver a copy of the survey to Seller. The survey must be made in accordance with the Texas Society of Professional Surveyors' standards for a Category 1A survey under the appropriate condition.

~~(2) Seller, at Seller's expense, will furnish Buyer a survey of the Property dated after the effective date. The survey must be made in accordance with the Texas Society of Professional Surveyors' standards for a Category 1A survey under the appropriate condition.~~

~~(3) Seller will deliver to Buyer and the title company a true and correct copy of Seller's existing survey of the Property dated _____ along with an affidavit required by the title company for approval of the survey. If the survey is not acceptable to the title company, Seller, at Seller's expense, will obtain a survey acceptable to the title company and deliver the acceptable survey to the buyer and the title company within 15 days after Seller receives notice that the existing survey is not acceptable to the title company. The closing date will be extended daily up to 15 days if necessary for Seller to deliver an acceptable survey within the time required.~~

~~C. UCC Search:~~

~~☒ (1) Within __15__ days after the effective date, Seller, at Seller's expense, will furnish Buyer a Uniform Commercial Code (UCC) search prepared by a reporting service and dated after the effective date. The search must identify documents that are on file with the Texas Secretary of State and the county where the Property is located that relate to all personal property on the Property and show, as debtor, Seller and all other owners of the personal property in the last 5 years.~~

~~(2) Buyer does not require Seller to furnish a UCC search.~~

D. Buyer's Objections to the Commitment, Survey, and UCC Search:

(1) Within __7__ days after Buyer receives the commitment, copies of the documents evidencing title exceptions, any required survey, and any required UCC search, Buyer may object to matters disclosed in the items if: (a) the matters disclosed constitute a defect or encumbrance to title to the real or personal property described in Paragraph 2 other than those permitted by this contract or liens that Seller will satisfy at closing or Buyer will assume at closing; or (b) the items show that any part of the Property lies in a special flood hazard area (an "A" or "V" zone as defined by FEMA). If Paragraph 6B(1) applies, Buyer is deemed to receive the survey on the earlier of: (i) the date Buyer actually receives the survey; or (ii) the deadline specified in Paragraph 6B.

(2) Seller may, but is not obligated to, cure Buyer's timely objections within 15 days after Seller receives the objections. The closing date will be extended as necessary to provide such time to cure the objections. If Seller fails to cure the objections by the time required, Buyer may terminate this contract by providing written notice to Seller within 5 days after the time by which Seller must cure the objections. If Buyer terminates, the earnest money, less any independent consideration under Paragraph 7B(1), will be refunded to Buyer.

(3) Buyer's failure to timely object or terminate under this Paragraph 6D is a waiver of Buyer's right to object except that Buyer will not waive the requirements in Schedule C of the commitment.

7. PROPERTY CONDITION:

A. Present Condition: Buyer accepts the Property in its present condition ~~except that Seller, at Seller's expense, will complete the following before closing:~~ "AS IS WHERE IS" _____

_____
_____
_____

(TAR-1801) 10-18-05        Initialed for Identification by Buyer _____  Seller _____        Page 3 of 13

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
Needville, Texas 77461

B. Feasibility: Buyer may terminate this contract for any reason within __30__ days after the effective date
(feasibility period) by providing Seller written notice of termination. *(Check only one box.)*

X (1) If Buyer terminates under this Paragraph 7B, the earnest money will be refunded to Buyer less
$ ___100.00___ that Seller will retain as independent consideration for Buyer's unrestricted
right to terminate. Buyer has tendered the independent consideration to Seller upon payment of the
amount specified in Paragraph 5A to the escrow agent. The independent consideration is to be
credited to the sales price only upon closing of the sale. If no dollar amount is stated in this
Paragraph 7B(1) or if Buyer fails to timely deposit the earnest money, Buyer will not have the right
to terminate under this Paragraph 7B.

~~(2) Not later than 3 days after the effective date, Buyer must pay Seller $ _____ as
independent consideration for Buyer's right to terminate by tendering such amount to Seller or
Seller's agent. If Buyer terminates under this Paragraph 7B, the earnest money will be refunded to
Buyer and Seller will retain the independent consideration. The independent consideration will be
credited to the sales price only upon closing of the sale. If no dollar amount is stated in this
Paragraph 7B(2) or if Buyer fails to timely pay the independent consideration, Buyer will not have
the right to terminate under this Paragraph 7B.~~

C. Inspections, Studies, or Assessments:

(1) During the feasibility period, Buyer, at Buyer's expense, may complete or cause to be completed
any and all inspections, studies, or assessments of the Property (including all improvements and
fixtures) desired by Buyer.

(2) Seller, at Seller's expense, will turn on all utilities necessary for Buyer to make inspections, studies,
or assessments.

(3) Buyer must:
(a) employ only trained and qualified inspectors and assessors;
(b) notify Seller, in advance, of when the inspectors or assessors will be on the Property;
(c) abide by any reasonable entry rules or requirements of Seller;
(d) not interfere with existing operations or occupants of the Property; and
(e) restore the Property to its original condition if altered due to inspections, studies, or
assessments that Buyer completes or causes to be completed.

(4) Except for those matters that arise from the negligence of Seller or Seller's agents, Buyer is
responsible for any claim, liability, encumbrance, cause of action, and expense resulting from
Buyer's inspections, studies, or assessments, including any property damage or personal injury.
Buyer will indemnify, hold harmless, and defend Seller and Seller's agents against any claim
involving a matter for which Buyer is responsible under this paragraph. This paragraph survives
termination of this contract.

~~D. Property Information:~~

~~(1) Delivery of Property Information: Within ___10___ days after the effective date, Seller will deliver to
Buyer:~~
~~(a) a current rent roll of all leases affecting the Property certified by Seller as true and correct;~~
~~(b) copies of all current leases pertaining to the Property, including any modifications, supplements,
or amendments to the leases;~~
~~X (c) a current inventory of all personal property to be conveyed under this contract and copies of any
leases for such personal property;~~

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
Needville, Texas 77461

~~(d) copies of all notes and deeds of trust against the Property that Buyer will assume or that Seller will not pay in full on or before closing;~~

~~(e) copies of all current service, maintenance, and management agreements relating to the ownership and operation of the Property;~~

~~(f) copies of current utility capacity letters from the Property's water and sewer service provider;~~

~~(g) copies of all current warranties and guaranties relating to all or part of the Property;~~

~~(h) copies of fire, hazard, liability, and other insurance policies that currently relate to the Property;~~

~~(i) copies of all leasing or commission agreements that currently relate to all or part of the Property;~~

~~(j) a copy of the "as-built" plans and specifications and plat of the Property;~~

~~(k) copies of all invoices for utilities and repairs incurred by Seller for the Property in the 24 months immediately preceding the effective date;~~

~~(l) a copy of Seller's income and expense statement for the Property from _____ to _____;~~

~~(m) copies of all previous environmental assessments, geotechnical reports, studies, or analyses made on or relating to the Property;~~

~~(n) real & personal property tax statements for the Property for the previous 2 calendar years; and~~

~~(o) _____~~

~~(2) Return of Property Information: If this contract terminates for any reason, Buyer will, not later than 10 days after the termination date: (a) return to Seller all those items described in Paragraph 7D(1) that Seller delivered to Buyer and all copies that Buyer made of those items; and (b) deliver copies of all inspection and assessment reports related to the Property that Buyer completed or caused to be completed. This Paragraph 7D(2) survives termination of this contract.~~

E.   Contracts Affecting Operations:  Until closing, Seller: (1) will operate the Property in the same manner as on the effective date under reasonably prudent business standards; and (2) will not transfer or dispose of any part of the Property, any interest or right in the Property, or any of the personal property or other items described in Paragraph 2B or sold under this contract. After the feasibility period ends, Seller may not enter into, amend, or terminate any other contract that affects the operations of the Property without Buyer's written approval.

8.  LEASES:

~~A.   Each written lease Seller is to assign to Buyer under this contract must be in full force and effect according to its terms. Seller may not enter into any new lease, fail to comply with any existing lease, or make any amendment or modification to any existing lease without Buyer's written consent. Seller must disclose, in writing, if any of the following exist at the time Seller provides the leases to the Buyer or subsequently occur before closing:~~

~~(1) any failure by Seller to comply with Seller's obligations under the leases;~~

~~(2) any circumstances under any lease that entitle the tenant to terminate the lease or seek any offsets or damages;~~

~~(3) any non-occupancy of the leased premises by a tenant;~~

~~(4) any advance sums paid by a tenant under any lease;~~

~~(5) any concessions, bonuses, free rents, rebates, brokerage commissions, or other matters that affect any lease; and~~

~~(6) any amounts payable under the leases that have been assigned or encumbered, except as security for loan(s) assumed or taken subject to under this contract.~~

~~B.   Estoppel Certificates: Within _____ days after the effective date, Seller will deliver to Buyer estoppel certificates signed not earlier than _____ by each tenant that leases space in the Property. The estoppel certificates must state:~~

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
Needville, Texas 77461

(1) that no default exists under the lease by the landlord or tenant as of the date the estoppel certificate
is signed;
(2) the amount of the scheduled rents to be paid through the end of the lease and any rental payments
that have been paid in advance;
(3) the amount of any security deposit;
(4) the amount of any offsets tenant is entitled against rent;
(5) the expiration date of the lease;
(6) a description of any renewal options; and
(7) _____

_____
_____

## 9. BROKERS:

A. The brokers to this sale are:

| _____ | _____ | Grubb & Ellis Co. | 0420423 |
|---|---|---|---|
| Cooperating Broker | License No. | Principal Broker | License No. |
| Address | | 1330 Post Oak Blvd., Suite 1400 | |
| _____ | | Address | |
| | | Houston, Texas 77056 | |
| _____ | | 713-599-5134 | 713-626-2288 |
| Phone | Fax | Phone | Fax |
| E-mail _____ | | E-mail _____ | |

Cooperating Broker represents buyer.

Principal Broker: *(Check only one box)*
☒ represents Seller only.
☐ represents Buyer only.
☐ is an intermediary between Seller and Buyer.

B. Fees: *(Check only one box.)*

☒ (1) Seller will pay Principal Broker the fee specified by separate written commission agreement
between Principal Broker and Seller. Principal Broker will pay Cooperating Broker the fee specified
in the Agreement Between Brokers found below the parties' signatures to this contract.

(2) At the closing of this sale, Seller will pay:

Cooperating Broker a total cash fee of:
☐ _____% of the sales price.
☐ _____.

Principal Broker a total cash fee of:
☐ _____% of the sales price.
☐ _____.

The cash fees will be paid in _____ County, Texas. Seller authorizes
escrow agent to pay the brokers from the Seller's proceeds at closing.

*NOTICE: Chapter 62, Texas Property Code, authorizes a broker to secure an earned commission
with a lien against the Property.*

C. The parties may not amend this Paragraph 9 without the written consent of the brokers affected by the
amendment.

## 10. CLOSING:

A. The closing of the sale will be on or before   15 days after the end of the feasibility period in Para. 7
or 15 days after Bankrupcy Court Approval whichever last occurs   or within 7 days after objections
made under Paragraph 6D have been cured or waived, whichever date is later (the closing date).

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
                                                                    Needville, Texas 77461

B. If either party fails to close by the closing date, the non-defaulting party may exercise the remedies in
Paragraph 15.

C. At closing, Seller will execute and deliver to Buyer, at Seller's expense, a ☐ general ☒ special
warranty deed. The deed must include a vendor's lien if any part of the sales price is financed. The
deed must convey good and indefeasible title to the Property and show no exceptions other than those
permitted under Paragraph 6 or other provisions of this contract. Seller must convey the Property:
   (1) with no liens, assessments, or Uniform Commercial Code or other security interests against the
       Property which will not be satisfied out of the sales price, unless securing loans Buyer assumes;
   (2) without any assumed loans in default; and
   (3) with no persons in possession of any part of the Property as lessees, tenants at sufferance, or
       trespassers except tenants under the written leases assigned to Buyer under this contract.

D. At closing, Seller, at Seller's expense, will also deliver to Buyer:
   (1) tax statements showing no delinquent taxes on the Property;
   (2) a bill of sale with warranties to title conveying title, free and clear of all liens, to any personal
       property defined as part of the Property in Paragraph 2 or sold under this contract;
   ~~(3) an assignment of all leases to or on the Property;~~
   (4) to the extent that the following items are assignable, an assignment to Buyer of the following items
       as they relate to the Property or its operations:
       (a) licenses and permits;
       (b) maintenance, management, and other contracts; and
       (c) warranties and guaranties;
   ~~(5) a rent roll current on the day of the closing certified by Seller as true and correct;~~
   ~~(6) evidence that the person executing this contract is legally capable and authorized to bind Seller;~~
   (7) an affidavit acceptable to the escrow agent stating that Seller is not a foreign person or, if Seller is a
       foreign person, a written authorization for the escrow agent to: (i) withhold from Seller's proceeds an
       amount sufficient to comply applicable tax law; and (ii) deliver the amount to the Internal Revenue
       Service together with appropriate tax forms; and
   (8) any notices, statements, certificates, affidavits, releases, and other documents required by this
       contract, the commitment, or law necessary for the closing of the sale and the issuance of the title
       policy, all of which must be completed and executed by Seller as necessary.
       (a) A copy of the court order authorizing the sale.

E. At closing, Buyer will:
   (1) pay the sales price in good funds acceptable to the escrow agent;
   (2) deliver evidence that the person executing this contract is legally capable and authorized to bind
       Buyer;
   ~~(3) sign and send to each tenant in the Property a written statement that:~~
       ~~(a) acknowledges Buyer has received and is responsible for the tenant's security deposit; and~~
       ~~(b) specifies the exact dollar amount of the security deposit;~~
   ~~(4) sign an assumption of all leases then in effect; and~~
   (5) execute and deliver any notices, statements, certificates, or other documents required by this
       contract or law necessary to close the sale.

F. Unless the parties agree otherwise, the closing documents will be as found in the basic forms in the
current edition of the State Bar of Texas Real Estate Forms Manual without any additional clauses.

**11. POSSESSION:** Seller will deliver possession of the Property to Buyer upon closing and funding of this sale
in its present condition with any repairs Seller is obligated to complete under this contract, ordinary wear
and tear excepted. Any possession by Buyer before closing or by Seller after closing that is not authorized
by a separate written lease agreement is a landlord-tenant at sufferance relationship between the parties.

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
                                                                    Needville, Texas 77461

**12. SPECIAL PROVISIONS:** *(Identify exhibit if special provisions are contained in an attachment.)*

A. This contract is subject to the review and approval of the United States Bankruptcy Court for the Southern District of Texas.

B. Buyer acknowledges that the property is subject to a Federal Bankruptcy and that the Chief Reorganization Officer has no knowledge regarding the property.

C. Property to be sold "as is, where is."  Buyer must do their own inspections and due diligence.

D. Any dispute shall be resolved by the United States Bankruptcy Court for the Southern District of Texas.

**13. SALES EXPENSES:**

A. Seller's Expenses: Seller will pay for the following at or before closing:
   (1) releases of existing liens,  other than those liens assumed by Buyer, including prepayment penalties and recording fees;
   (2) release of Seller's loan liability, if applicable;
   (3) tax statements or certificates;
   (4) preparation of the deed and any bill of sale;
   (5) one-half of any escrow fee;
   (6) costs to record any documents to cure title objections that Seller must cure; and
   (7) other expenses that Seller will pay under other provisions of this contract.

B. Buyer's Expenses: Buyer will pay for the following at or before closing:
   (1) all loan expenses and fees;
   (2) preparation fees of any deed of trust;
   (3) recording fees for the deed and any deed of trust;
   (4) premiums for flood and hazard insurance as may be required by Buyer's lender;
   (5) one-half of any escrow fee; and
   (6) other expenses that Buyer will pay under other provisions of this contract.

**14. PRORATIONS:**

A. Prorations:

   (1) Interest on any  assumed loan, taxes, rents, and  any  expense  reimbursements from tenants will be prorated through the closing date.

   ~~(2) If the amount of ad valorem taxes for the year in which the sale closes is not available on the closing date, taxes will be prorated on the basis of taxes assessed in the previous year. If the taxes for the year in which the sale closes vary from the amount prorated at closing, the parties will adjust the prorations when the tax statements for the year in which the sale closes become available. This Paragraph 14A(2) survives closing.~~

   (3) If Buyer assumes a loan or is taking the Property subject to an existing lien,  Seller will transfer all reserve deposits held by the lender for the payment of taxes, insurance premiums,  and other charges to Buyer at closing and Buyer will reimburse such amounts to Seller by an appropriate adjustment at closing.

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road _____
Needville, Texas 77461

B. Rollback Taxes: If Seller changes the use of the Property before closing or if a denial of a special valuation on the Property claimed by Seller results in the assessment of additional taxes, penalties, or interest (assessments) for periods before closing, the assessments will be the obligation of Seller. If this sale or Buyer's use of the Property after closing results in additional assessments for periods before closing, the assessments will be the obligation of Buyer. This Paragraph 14B survives closing.

~~C. Rent and Security Deposits: At closing, Seller will tender to Buyer all security deposits and the following advance payments received by Seller for periods after closing: prepaid expenses,~~ advance rental payments, and other advance payments ~~paid by tenants. Rents~~ prorated to one party but received by the other party will be remitted by the recipient to the party to whom it was ~~prorated within~~ 5 days after ~~the rent is received. This Paragraph 14C survives closing.~~

## 15. DEFAULT:

A. If Buyer fails to comply with this contract, Buyer is in default and Seller may:
   (1) terminate this contract and receive the earnest money as liquidated damages, thereby releasing the parties from this contract; or
   (2) enforce specific performance, or seek other relief as may be provided by law, or both.

B. If, without fault, Seller is unable within the time allowed to deliver the estoppel certificates, survey or the commitment, Buyer may:
   (1) terminate this contract and receive the earnest money, less any independent consideration under Paragraph 7B(1), as the sole remedy; or
   (2) extend the time for performance up to 15 days and the closing will be extended as necessary.

C. Except as provided in Paragraph 15B, if Seller fails to comply with this contract, Seller is in default and Buyer may:
   (1) terminate this contract and receive the earnest money, less any independent consideration under Paragraph 7B(1), as liquidated damages, thereby releasing the parties from this contract; or
   (2) enforce specific performance, or seek such other relief as may be provided by law, or both.

## 16. CASUALTY LOSS AND CONDEMNATION:

A. If any part of the Property is damaged or destroyed by fire or other casualty after the effective date, Seller must restore the Property to its previous condition as soon as reasonably possible and not later than the closing date. If, without fault, Seller is unable to do so, Buyer may:
   (1) terminate this contract and the earnest money, less any independent consideration under Paragraph 7B(1), will be refunded to Buyer;
   (2) extend the time for performance up to 15 days and closing will be extended as necessary; or
   (3) accept at closing: (i) the Property in its damaged condition; (ii) an assignment of any insurance proceeds Seller is entitled to receive along with the insurer's consent to the assignment; and (iii) a credit to the sales price in the amount of any unpaid deductible under the policy for the loss.

B. If before closing, condemnation proceedings are commenced against any part of the Property, Buyer may:
   (1) terminate this contract by providing written notice to Seller within 15 days after Buyer is advised of the condemnation proceedings and the earnest money, less any independent consideration under Paragraph 7B(1), will be refunded to Buyer; or
   (2) appear and defend the condemnation proceedings and any award will, at Buyer's election, belong to: (a) Seller and the sales price will be reduced by the same amount; or (b) Buyer and the sales price will not be reduced.

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
Needville, Texas 77461

**17. ATTORNEY'S FEES:** If Buyer, Seller, any broker, or any escrow agent is a prevailing party in any legal proceeding brought under or with relation to this contract or this transaction, such party is entitled to recover from the non-prevailing parties all costs of such proceeding and reasonable attorney's fees. This Paragraph 17 survives termination of this contract.

**18. ESCROW:**

A. At closing, the earnest money will be applied first to any cash down payment, then to Buyer's closing costs, and any excess will be refunded to Buyer.

B. If both parties make written demand for the earnest money, escrow agent may require payment of unpaid expenses incurred on behalf of the parties and a written release of liability of escrow agent from all parties.

C. If one party makes written demand for the earnest money, escrow agent will give notice of the demand by providing to the other party a copy of the demand. If escrow agent does not receive written objection to the demand from the other party within 15 days after the date escrow agent sent the demand to the other party, escrow agent may disburse the earnest money to the party making demand, reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and escrow agent may pay the same to the creditors.

D. Escrow agent will deduct any independent consideration under Paragraph 7B(1) before disbursing any earnest money to Buyer and will pay the independent consideration to Seller.

E. If escrow agent complies with this Paragraph 18, each party hereby releases escrow agent from all claims related to the disbursal of the earnest money.

F. Notices under this Paragraph 18 must be sent by certified mail, return receipt requested. Notices to escrow agent are effective upon receipt by escrow agent.

**19. MATERIAL FACTS:** To the best of Seller's knowledge and belief: *(Check only one box.)*



SELLER HAS NO KNOWLEDGE REGARDING THE PROPERTY

~~A. Seller is not aware of any material defects to the Property except as stated in the attached Property Condition Statement.~~

X ~~B. Except as otherwise provided in this contract, Seller is not aware of:~~
~~(1) any subsurface: structures, pits, waste, springs, or improvements;~~
~~(2) any pending or threatened litigation, condemnation, or assessment affecting the Property;~~
~~(3) any environmental hazards or conditions that materially affect the Property;~~
~~(4) whether the Property is or has been used for the storage or disposal of hazardous materials or toxic waste, a dump site or landfill, or any underground tanks or containers;~~
~~(5) whether radon, asbestos containing materials, urea-formaldehyde foam insulation, lead-based paint, toxic mold (to the extent that it adversely affects the health of ordinary occupants), or other pollutants or contaminants of any nature now exist or ever existed on the Property;~~
~~(6) any wetlands, as defined by federal or state law or regulation, on the Property;~~
~~(7) any threatened or endangered species or their habitat on the Property;~~
~~(8) any present or past infestation of wood-destroying insects in the Property's improvements;~~
~~(9) any contemplated material changes to the Property or surrounding area that would materially and detrimentally affect the ordinary use of the Property;~~
~~(10) any material physical defects in the improvements on the Property; or~~
~~(11) any condition on the Property that violates any law or ordinance.~~

~~*(Describe any exceptions to (1)-(11) in Paragraph 12 or an addendum.)*~~

(TAR-1801) 10-18-05          Initialed for Identification by Buyer _____ Seller _____          Page 10 of 13

Form generated by: TrueForms™     www.TrueForms.com     800-499-9612

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
                                                                        Needville, Texas 77461

**20. NOTICES:** All notices between the parties under this contract must be in writing and are effective when
hand-delivered, mailed by certified mail return receipt requested, or sent by facsimile transmission to the
parties addresses or facsimile numbers stated in Paragraph 1. The parties will send copies of any notices
to the broker representing the party to whom the notices are sent.
   A. Seller also consents to receive any notices by e-mail at Seller's e-mail address stated in Paragraph 1.
   B. Buyer also consents to receive any notices by e-mail at Buyer's e-mail address stated in Paragraph 1.

~~21. DISPUTE RESOLUTION: The parties agree to negotiate in good faith in an effort to resolve any dispute
related to this contract that may arise. If the dispute cannot be resolved by negotiation, the parties will
submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of
a mutually acceptable mediator. This paragraph survives termination of this contract. This paragraph does
not preclude a party from seeking equitable relief from a court of competent jurisdiction.~~

**22. AGREEMENT OF THE PARTIES:**
   A. This contract is binding on the parties, their heirs, executors, representatives, successors, and
permitted assigns.

   B. This contract is to be construed in accordance with the laws of the State of Texas.

   C. This contract contains the entire agreement of the parties and may not be changed except in writing.

   D. If this contract is executed in a number of identical counterparts, each counterpart is an original and all
counterparts, collectively, constitute one agreement.

~~E. Addenda which are part of this contract are: (Check all that apply.)
(1) Property Description Exhibit identified in Paragraph 2;
(2) Commercial Contract Condominium Addendum;
(3) Commercial Contract Financing Addendum;
(4) Commercial Property Condition Statement;
(5) Addendum for Seller's Disclosure of Information on Lead-Based Paint and Lead-Based Paint
Hazards;
(6) Notice to Purchaser of Real Property in a Water District (MUD);
(7) Addendum for Coastal Area Property;
(8) Addendum for Property Located Seaward of the Gulf Intracoastal Waterway; and
(9) _____~~

   *(Note: Counsel for the Texas Association of REALTORS® (TAR) has determined that any of the foregoing addendum which
are promulgated by the Texas Real Estate Commission (TREC) or published by TAR are appropriate for use with this form.)*

   F. Buyer ☐ may ☒ may not assign this contract. If Buyer assigns this contract, Buyer will be relieved of
any future liability under this contract only if the assignee assumes, in writing, all of Buyer's obligations
under this contract.

**23. TIME:** Time is of the essence in this contract. The parties require strict compliance with the times for
performance. If the last day to perform under a provision of this contract falls on a Saturday, Sunday, or
legal holiday, the time for performance is extended until the end of the next day which is not a Saturday,
Sunday, or legal holiday.

**24. EFFECTIVE DATE:** The effective date of this contract for the purpose of performance of all obligations is
the date the escrow agent receipts this contract after all parties execute this contract.

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road
Needville, Texas 77461

**25. ADDITIONAL NOTICES:**

    A. Buyer should have an abstract covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a title policy.

    B. If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fees of the district before final execution of this contract.

    C. Notice Required by §13.257, Water Code: "The real property, described below, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in the notice or at closing of purchase of the real property." The real property is described in Paragraph 2 of this contract.

    D. If the Property adjoins or shares a common boundary with the tidally influenced submerged lands of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included as part of this contract.

    E. If the Property is located seaward of the Gulf Intracoastal Waterway, §61.025, Texas Natural Resources Code, requires a notice regarding the seaward location of the Property to be included as part of this contract.

    F. If the Property is located outside the limits of a municipality, the Property may now or later be included in the extra-territorial jurisdiction (ETJ) of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and ETJ. To determine if the Property is located within a municipality's ETJ, Buyer should contact all municipalities located in the general proximity of the Property for further information.

    G. If apartments or other residential units are on the Property and the units were built before 1978, federal law requires a lead-based paint and hazard disclosure statement to be made part of this contract.

    H. Section 1958.154, Occupations Code requires Seller to provide Buyer a copy of any mold remediation certificate issued for the Property during the 5 years preceding the date the Seller sells the Property.

    I. Brokers are not qualified to perform property inspections, surveys, engineering studies, environmental assessments, or inspections to determine compliance with zoning, governmental regulations, or laws. Buyer should seek experts to perform such services. Selection of experts, inspectors, and repairmen is the responsibility of Buyer and not the brokers.

**26. CONTRACT AS OFFER:** The execution of this contract by the first party constitutes an offer to buy or sell the Property. Unless the other party accepts the offer by 5:00 p.m., in the time zone in which the Property is located, on _____ December 10, 2009 _____ the offer will lapse and become null and void.

       January 8, 2010

(TAR-1801) 10-18-05      Initialed for Identification by Buyer _____ Seller _____      Page 12 of 13

Form generated by: TrueForms™    www.TrueForms.com   800-499-9612

Commercial Contract - Improved Property concerning _____ 7802 Brinkmeyer Road _____
                                                                    Needville, Texas 77461

**READ THIS CONTRACT CAREFULLY. The brokers and agents make no representation or recommendation as to the legal sufficiency, legal effect, or tax consequences of this document or transaction. CONSULT your attorney BEFORE signing.**

| | |
|---|---|
| Buyer: ____ WBW Enterpries of Texas, LLC ____ | Seller: _____ Eagle Geophysical, Inc. _____ |
| By: _____ | By: _____ |
| Printed Name: ____ William B. Waldroff, Jr. ____ | Printed Name: ____ H. Malcolm Lovett, Jr. ____ |
| Title: ____ Owner ____ | Title: ____ Chief Reorganization Officer ____ |
| | |
| Buyer: _____ | Seller: _____ |
| By: _____ | By: _____ |
| Printed Name: _____ | Printed Name: _____ |
| Title: _____ | Title: _____ |

## AGREEMENT BETWEEN BROKERS

Principal Broker agrees to pay _____ (Cooperating Broker) a fee of $_____ or _____ % of the sales price when the Principal Broker's fee is received. Escrow agent is authorized and directed to pay Cooperating Broker from Principal Broker's fee at closing. This Agreement Between Brokers supersedes any prior offers and agreements for compensation between brokers.

| | |
|---|---|
| Cooperating Broker _____ | Principal Broker _____ |
| By: _____ | By: _____ |

## ATTORNEYS

| | |
|---|---|
| Buyer's attorney is: | Seller's attorney is: |
| Name: _____ | Name: ____ David Jones, Porter & Hedges, L.L.P. ____ |
| Address: _____ | Address: ____ 1000 Main Street, 36th Floor ____ |
| | ____ Houston, Texas 77002 ____ |
| Phone & Fax: _____ | Phone & Fax: ____ 713-226-6000 & 713-226-6653 ____ |
| E-mail: _____ | E-mail: ____ djones@porterhedges.com ____ |
| | |
| Buyer's attorney requests copies of documents, notices, and other information: | Seller's attorney requests copies of documents, notices, and other information: |
| [ ] the title company sends to Buyer. | [X] the title company sends to Seller. |
| [ ] Seller sends to Buyer. | [X] Buyer sends to Seller. |

## ESCROW RECEIPT

Escrow agent acknowledges receipt of:
  A.  the contract on this day _____ (effective date);
  B.  earnest money in the amount of $_____ in the form of _____ on _____.

| | |
|---|---|
| Escrow Agent: _____ | Address: _____ |
| By: _____ | Phone & Fax: _____ |
| | E-mail: _____ |

(TAR-1801) 10-18-05                                                                    Page 13 of 13